UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
AUG 2 2 2007
NANCY MAYER-WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES OF AMERICA,

v.

KOREAN AIR LINES CO., LTD.,

Defendant.

Misc. No. 07-324 (JDB)

## ORDER

On August 20, 2007, movants filed this action styled as an expedited application for relief, requesting redaction of their names from a plea agreement that DOJ anticipates publicly filing at a plea hearing scheduled for August 23, 2007 in United States v. Korean Air Lines Co., Ltd., Cr. No. 07-184 (D.D.C.). The Court issued a memorandum opinion earlier today denying movants' application, explaining that the plea agreement's reference to seven Korean Air employees, including movants, as excluded from the cooperation and non-prosecution provisions did not constitute an allegation, expressly or impliedly, of criminal wrongdoing, and thus that their Fifth Amendment claim had no merit. See Mem. Op. at 3-6. The Court also concluded today that a similar "carve out" provision in a related plea agreement in United States v. British Airways, Cr. No. 07-183 (D.D.C.), did not violate the rights of similarly situated British Airways employees under the Fifth Amendment or Fed. R. Crim. P. 6(e). See Doe v. Hammond, Civil Action No. 07-1496, slip op. at 3-10 (D.D.C. Aug. 22, 2007). Movants in this action now seek a temporary injunction pending appeal -- specifically, an order requiring the government to redact all reference to movants from the publicly disseminated version of the Korean Air plea agreement and prohibiting the parties from otherwise publicly identifying movants as being "carved out" or otherwise excluded from the plea agreement.

To obtain an injunction pending appeal, a movant "must show (1) that it has a substantial likelihood of success on the merits; (2) that it will suffer irreparable injury if [an injunction] is denied; (3) that issuance of the [injunction] will not cause substantial harm to other parties; and (4) that the public interest will be served by issuance of the [injunction]." United States v. Philip Morris, Inc., 314 F.3d 612, 617 (D.C. Cir. 2003) (citing Washington Metro. Area Transit Comm'n v. Holiday Tours, Inc., 559 F.2d 841, 843 (D.C. Cir. 1977)). "These factors interrelate on a sliding scale and must be balanced against each other." Serono Laboratories, Inc. v. Shalala, 158 F.3d 1313, 1318 (D.C. Cir. 1998). "If the arguments for one factor are particularly strong, an injunction may issue even if the arguments in other areas are rather weak." CityFed Fin. Corp. v. Office of Thrift Supervision, 58 F.3d 738, 746 (D.C. Cir. 1995). This has led some courts to recast the "likelihood of success" factor as a requirement that the movant demonstrate a serious legal question on appeal, but only where the balance of harms strongly favors a stay. See, e.g., Holiday Tours, 559 F.2d at 844 ("fair ground for litigation" or "serious legal question"). In any event, on a motion for an injunction pending appeal "it is the movant's obligation to justify the court's exercise of such an extraordinary remedy." Cuomo v. U.S. Nuclear Reg. Comm'n, 722 F.2d 972, 978 (D.C. Cir. 1985).

Movants contend that there is a "reasonably high" likelihood of success on the merits of their Fifth Amendment claim on appeal because there is substantial authority that the government may not publicly identify unindicted co-conspirators.[1] The Court recognized and agreed with that authority in its opinion issued today (slip op. at 2-3), but concluded, based on a thorough

---

[1] Movants have not alleged a violation of Fed. R. Crim. P. 6(e), either in their original application or the present motion for temporary relief pending appeal. To the extent that this case might be viewed as presenting a Rule 6(e) issue, however, the Court fully addressed that issue in Doe v. Hammond, No. 07-1496, slip op. at 3-8 (D.D.C. Aug. 22, 2007).

review of the record, that, as a factual matter, the plea agreement does not expressly or impliedly identify movants as "co-conspirators" or otherwise accuse them of criminal misconduct. Slip op. at 3-6. Nothing in movants' motion for temporary relief pending appeal suggests that this finding should be altered; indeed, it is hardly mentioned. As movants acknowledge, the only other authority addressing a similar "carve out" provision concluded it did not implicate any criminal wrongdoing, and thus no Fifth Amendment rights were violated by public disclosure. See United States v. Crompton, 399 F. Supp. 2d 1047, 1049 (N.D. Cal. 2005). Hence, movants' assertion that "[i]n light of this legal landscape" they will likely prevail on appeal is wholly without support.

Movants' claim of irreparable injury is also premised on their contention that the plea agreement effectively labels them unindicted co-conspirators, an identification that they contend will seriously and irreparably injure their careers, reputations, and finances. Having concluded that the plea agreement does not, in fact, do that, the Court finds that there is no threat of irreparable harm. Movants' real fear, which they candidly acknowledge, is their exposure to civil class action litigation arising out of the antitrust violations described in the plea agreement. The Court does not believe that should be a significant factor, for the reasons stated in its opinion. See slip op. at 6-7.

Because movants have no likelihood of success on the merits, and have not shown irreparable injury, they are not entitled to a temporary injunction pending appeal. Nor are movants entitled to an administrative stay pending appeal in light of their own delay in bringing this action. Movants have known since at least July 30, 2007, that they intended to seek redaction of their names from the plea agreement. See Movants' Application for Expedited Relief, Ex. A-5 (July 30, 2007 letter from Martha Boersch and Andrew Weissman on behalf of

3

movants objecting to public identification of movants in the plea agreement). Yet they delayed the filing of this action until August 20, 2007, a mere three days before the publicly-scheduled August 23 plea and sentencing hearing. Thus, assuming <u>arguendo</u> that an administrative stay is authorized independent of the traditional four-factor test under <u>Holiday Tours</u>,[2] the Court finds such a stay unwarranted. It would only serve to reward movants for their delay.

For the foregoing reasons, it is hereby

**ORDERED** that movants' application for temporary relief pending appeal is **DENIED**; and it is further

**ORDERED** that, consistent with the order entered earlier today delaying posting of the opinion and order on the public docket until 3:00 p.m. on August 23, 2007, the Clerk of Court shall delay posting of this order on the public docket until 3:00 p.m. on August 23, 2007.

**SO ORDERED.**

/s/ John D. Bates
JOHN D. BATES
United States District Judge

Date:   August 22, 2007

---

[2] The Court is unaware of any federal statute, rule, or case law authorizing such an administrative stay in these circumstances.

4